KAHN, J.,
dissenting.
I would affirm the order on review because it meets the requirements of Bray v. Electronic Door-Lift, Inc., 558 So.2d 43 (Fla. 1st DCA 1989), which are accurately set out in the majority opinion. The majority reverses based upon its conclusion that an economic recession is a matter that should be taken into account by an expert witness valuing the business. None could doubt this as a general proposition because, as the majority notes, the value of a business depends largely on future prospects for the success of that business. This case is different, and the trial court properly made such a finding. Specifically, in the order on review, the trial judge noted the economic downturn, and
... the effects of the recession, which (were) essentially unknown to the Court, counsel and various experts who provided testimony to the Court.... The present recessionary economy was totally unforeseen; no one could reasonably anticipate the severity of same.
In announcing his ruling orally, the trial court pointed to a “global epidemic,” “an economic tsunami that ... comes along so seldom ... there are some ... comparing it to the Great Depression.” Moreover, according to the proof accepted at the motion hearing, a severe economic recession may be called only retrospectively, despite the fact it has been ongoing for some time. This finding comports with the requirements of Bray concerning the grant of a new trial because under Bray, the movant must demonstrate, among other things, the evidence has been discovered since the trial, and “the evidence could *210 not have been discovered before the trial by the exercise of due diligence.Id. at 47. Relying upon publications of the National Bureau of Economic Research, ap-pellee demonstrated to the trial court’s satisfaction that the recession was first characterized only in December 2008, but the economy had actually been in recession since December 2007. Such a calculus was reached retroactively and on the shoulders of historical data.
Accordingly, I see two factors that would distinguish this case from the general rule the majority applies — a rule that I do not disagree with. First, the downturn here could have been determined only after the fact — in this case, one year, or four business quarters, after it began; and second, the recession, as is well known, is of historic proportions. I find no error in the trial court’s decision to open up the judgment, particularly considering that the major asset around which this case revolves is a small family-operated business. Stated otherwise, the well-experienced trial court here was completely persuaded of the inequity of the original final judgment of dissolution. I would respect that conclusion and would not disturb the order on review.